UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>REPUBLIC STEEL,<br><br>　　Defendant. | Case No.　1:24-cv-176 |

**SETTLEMENT STIPULATION AND CONSENT JUDGMENT**

## SETTLEMENT STIPULATION AND CONSENT JUDGMENT

A. Plaintiff the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Settlement Stipulation and Consent Judgment ("Consent Judgment"), alleging that Defendant Republic Steel violated Sections 301 and 309 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311 and 1319.

B. The Complaint alleges that the United States is entitled to civil penalties for each day of violation of the CWA by Republic Steel.

C. Republic Steel is a Delaware company with headquarters located in Canton, Ohio. Republic Steel has operated two relevant industrial facilities, one located at 2633 Eighth Street NE, Canton, Ohio 44704 ("Canton Facility") and a second at 1807 E. 28th Street, Lorain, Ohio 44055 ("Lorain Facility") (collectively, "Facilities"). The Canton Facility was Republic Steel's primary steelmaking facility, producing steel bars and sending them to the Lorain Facility for rolling and finishing.

D. Pursuant to National Pollutant Discharge Elimination System ("NPDES") permits issued by the Ohio Environmental Protection Agency ("Ohio EPA"), the Canton and Lorain Facilities discharged industrial wastewater to the East Branch of Nimishillen Creek and the Black River, respectively. From May 2017 through April 2022, the Facilities self-reported permit effluent exceedances for the following pollutants at various outfalls: oil and grease, selenium, zinc, lead, residual chlorine, total suspended solids, mercury, pH, and toxicity. EPA conducted several inspections of each Facility and observed additional NPDES permit violations relating to monitoring, reporting, and proper observances of operation protocols. EPA also identified unpermitted discharges at both Facilities.

E. Based on these violations, EPA issued Republic Steel three Administrative Orders on Consent ("AOC") requiring various work at the Facilities to comply with its NPDES permits, attached hereto as Exhibits 1-3. The Lorain Facility AOCs issued in 2021 and 2022 required Republic Steel to submit for EPA approval a plan for compliance with its NPDES permit, eliminate all unauthorized discharges, and provide confirmation monitoring to ensure the unauthorized discharges had ceased. The Canton Facility AOC issued in 2020 required Republic Steel to eliminate all unauthorized discharges, submit a plan for correcting its effluent limit violations, increase monitoring and reporting, and submit a stormwater corrective action plan.

F. Before executing this Consent Judgment, Republic Steel idled and then permanently shutdown the Canton Facility and idled the Lorain Facility. The Canton Facility closure was announced on September 22, 2023, by Republic Steel. Due to this closure, the Canton Facility will no longer discharge process wastewater associated with active industrial operations; however, Outfall 010 and stormwater outfalls will continue to discharge absent any active industrial use as a result of storm events, groundwater infiltration and pumping of water to avoid damage to equipment. Due to the idling, the Lorain Facility will no longer discharge process wastewater associated with active industrial operations, however, Outfalls 002 and 005 will continue to discharge absent active industrial use as a result of storm events, groundwater infiltration and pumping of water to avoid damage to equipment.  For this reason, on August 1, 2023, Republic Steel has obtained an updated NPDES permits from Ohio EPA setting effluent limits related to expected discharges at the Lorain Facility when the facility is idle. A renewal NPDES permit for the Canton Facility was submitted for public comment on November 22, 2023 that includes effluent limits associated with the Canton Facility's permanent closure.

  G. The Complaint alleges that from May 2017 until March 2023: (i) Republic Steel violated its permit effluent discharge limits at least 89 times at the Canton Facility; (ii) Republic Steel violated its permit effluent discharge limits at least 115 times at the Lorain Facility; (iii) Republic Steel discharged pollutants without a permit on at least three occasions at the Canton Facility; (iv) Republic Steel discharged pollutants without a permit at least once at the Lorain Facility; (v) Republic Steel violated conditions of its NPDES permit relating to monitoring and reporting at the Canton Facility; (vi) Republic Steel violated conditions of its NPDES permit relating to operations and maintenance at the Canton Facility; and (vii) Republic Steel violated conditions of its NPDES permit relating to creating and maintaining an adequate Stormwater Pollution Prevention Plan at the Canton Facility.

  H. Upon issuance of the NPDES renewal permit for the Canton Facility, Republic Steel certifies that it has completed all requirements set forth in the AOCs at the Canton and Lorain Facilities.

  I. Republic Steel certifies that is has permanently shutdown the Canton Facility and has no intention to reopen it. Republic Steel further certifies that the Lorain Facility will remain idled with no current plans for resumption of activities.

  J. The United States has reviewed information regarding Republic Steel's financial ability to pay a civil penalty in this action and has determined that Republic Steel has limited financial ability to pay a civil penalty in this action.

  K. The parties to this Consent Judgment are the United States and Republic Steel (the "Parties").

L. The Parties agree that it is in the public interest to resolve this matter without litigation and have negotiated this Consent Judgment in good faith to avoid expensive and protracted litigation.

M. This Consent Judgment shall take effect: (i) as an agreement of the Parties on the day the United States files it with the Court's Electronic Case Filing System (the "Date of Filing"); and (ii) as an agreed order and final judgment on the date upon which this Consent Judgment is entered by the Court or a motion to enter the Consent Judgment is granted, whichever occurs first, as recorded on the Court's docket (the "Date of Entry").

NOW, THEREFORE, before the taking of any testimony, without the adjudication of any issue of fact or law except as provided in Paragraphs 1-2, the Parties stipulate and agree as follows:

<u>JURISDICTION, VENUE, AND APPLICABILITY</u>

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and CWA Section 309, 33 U.S.C. § 1319, and over the Parties. Venue lies in this judicial district pursuant to 33 U.S.C. § 1319 and 28 U.S.C. §§ 1391 and 1395(a), because Republic Steel resides and is located in this judicial district and the violations alleged in the Complaint are alleged to have occurred in this judicial district. For purposes of this Consent Judgment, or any action to enforce this Consent Judgment, Republic Steel consents to the Court's jurisdiction over this Consent Judgment and any such action and over Republic Steel and consents to venue in this judicial district.

2. The Court shall retain jurisdiction over this case for the purpose of effectuating or enforcing compliance with the terms of this Consent Judgment.

4

3. For purposes of this Consent Judgment, Republic Steel agrees that the Complaint states claims upon which relief may be granted pursuant to 33 U.S.C. §§ 1311(a) and 1319.

4. The obligations of this Consent Judgment apply to and are binding upon the United States and Republic Steel and any successors, assigns, or other entities or persons otherwise bound by law.

## CIVIL PENALTY

5. <u>Payment of Civil Penalty</u>. Republic Steel shall pay the sum of $700,000 as a civil penalty, together with interest accruing from the Date of Filing, at the rate specified in 28 U.S.C. § 1961 as of the Date of Filing. The civil penalty shall be paid three equal installment payments in the amount of $233,333.33 each. The first installment payment is due within 30 Days of the Date of Entry, and the subsequent installments to be made every 60 Days thereafter. Interest shall accrue on the unpaid balance until the civil penalty is paid in full.

6. Republic Steel shall pay the civil penalty, together with interest, to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice ("DOJ") account, in accordance with instructions provided to Republic Steel by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Northern District of Ohio after the Date of Entry. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Republic Steel shall use to identify all payments required to be made in accordance with this Consent Judgment. The FLU will provide the payment instructions to:

> Robert Koury
> CEO
> Republic Steel
> 2633 8th St NE
> Canton, Ohio 44704
> RKoury@RepublicSteel.com

5

on behalf of Republic Steel.

7. At the time of payment, Republic Steel shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov; and (ii) to DOJ via email at eescdcopy.enrd@usdoj.gov. Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Judgment in *United States v. Republic Steel, Inc.* and shall reference the civil action number, the CDCS number, and DOJ case number 90-5-2-1-12589/1.

## STIPULATED PENALTIES

8. <u>Stipulated Penalties for Late Payment of Civil Penalty</u>. If Republic Steel fails to pay the civil penalty and/or interest required under Paragraph 5 when due, Republic Steel shall pay the United States a stipulated penalty of 0.10% of the unpaid principal amount due to the United States per day for each day that the payment is late.

9. Stipulated penalties under Paragraph 8 shall begin to accrue on the day after payment is due and shall continue to accrue until full payment is made.

10. Republic Steel shall pay stipulated penalties within 30 days after a written demand by the United States.

11. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due to it under this Consent Judgment.

12. Republic Steel shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 6 and with the confirmation notices required by Paragraph 7, except that the transmittal message shall state that the payment is for stipulated penalties.

13. If Republic Steel fails to pay stipulated penalties according to the terms of this Consent Judgment, Republic Steel shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall

be construed to limit the United States from seeking any remedy otherwise provided by law for Republic Steel's failure to pay any stipulated penalties.

14. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Judgment. Subject to the provisions of Paragraphs 15-20 (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief either deems appropriate for Republic Steel's violation of this Consent Judgment or applicable law.

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

15. This Consent Judgment resolves the United States' civil claims for the violations alleged in the Complaint filed in this action through the Date of Filing. This Consent Judgment also supersedes and terminates the three AOCs described in Paragraph E, and attached hereto as Exhibits 1-3. This resolution of civil claims and termination of the AOCs shall take effect upon the Date of Entry but shall be conditioned on Republic Steel's compliance with the requirements of Paragraph 5 (Payment of Civil Penalty) and Paragraph 8 (Stipulated Penalties for Late Payment of Civil Penalty).

16. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Judgment. This Consent Judgment shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CWA or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 15. The United States further reserves all legal and equitable remedies to address any conditions if there is or may be an imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Facilities, whether related to the violations addressed in this Consent Judgment or otherwise.

7

17. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facilities or Republic Steel's violations, Republic Steel shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 15.

18. This Consent Judgment is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Republic Steel is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Republic Steel's compliance with this Consent Judgment shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Judgment, warrant or aver in any manner that Republic Steel's compliance with any aspect of this Consent Judgment will result in compliance with provisions of the CWA, 33 U.S.C. § 1251, et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

19. This Consent Judgment does not limit or affect the rights of Republic Steel or of the United States against any third parties not party to this Consent Judgment, nor does it limit the rights of third parties not party to this Consent Judgment against Republic Steel, except as otherwise provided by law.

20. Notwithstanding any other provision of this Consent Judgment, the United States reserves, and this Consent Judgment is without prejudice to, the right to reinstitute or reopen this

action, or to commence a new action seeking relief other than as provided in this Consent Judgment, if the Financial Information provided by Republic Steel, or the financial certification made by Republic Steel in Paragraph 21, is false or, in any material respect, inaccurate.

## CERTIFICATION

21. Republic Steel certifies, that to the best of its knowledge and belief, after thorough inquiry, it has submitted to the United States financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to the United States and the time Republic Steel executes this Consent Judgment.

## COSTS

22. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect the civil penalty or any stipulated penalties due but not paid by Republic Steel.

## SIGNATORIES/SERVICE

23. Each undersigned representative of Republic Steel and the U.S. Department of Justice identified on the DOJ signature page below, certifies that that person is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind the Party that person represents to this document.

24. This Consent Judgment may be signed in counterparts, and its validity shall not be challenged on that basis. Republic Steel agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Judgment and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

applicable Local Rules of this Court including, but not limited to, service of a summons. Republic Steel need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Judgment.

## INTEGRATION

25. This Consent Judgment constitutes the entire agreement among the Parties regarding the subject matter of the Consent Judgment and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of this Consent Judgment.

## 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

26. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), none of the requirements of this Consent Judgment are restitution, remediation, or requirements to come into compliance with law.

## FINAL JUDGMENT

27. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment of the Court as to the Parties. The Court therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Signature Page for Settlement Stipulation and Consent Judgment in *United States v. Republic Steel, Inc.* (N.D. Ohio)

SO ORDERED.

Dated and entered this __ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE

11

Signature Page for Settlement Stipulation and Consent Judgment in *United States v. Republic Steel, Inc.* (N.D. Ohio)

IT IS SO STIPULATED.

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 1/29/2024

JESSICA DURNEY
Digitally signed by JESSICA DURNEY
Date: 2024.01.26 16:54:44 -05'00'

JESSICA DURNEY, Trial Attorney
SAMANTHA M. RICCI, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC 20044-7611

Signature Page for Settlement Stipulation and Consent Judgment in *United States v. Republic Steel, Inc.* (N.D. Ohio)

IT IS SO STIPULATED.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Kaplan, Robert
Digitally signed by Kaplan, Robert
Date: 2023.12.18 10:03:34 -06'00'

ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency, Region 5

JEFFREY CAHN, Associate Regional Counsel
CARLENE DOOLEY, Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 5 (C-14J)
77 West Jackson Boulevard
Chicago, IL 60604

Signature Page for Settlement Stipulation and Consent Judgment in *United States v. Republic Steel, Inc.* (N.D. Ohio)

IT IS SO STIPULATED.

FOR REPUBLIC STEEL

12/20/23
Date

*[signature]*

ROBERT KOURY
CEO
Republic Steel

6283124.1